UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EMI APRIL MUSIC INC., AVANT GARDE MUSIC )
PUBLISHING, INC., FLYTE TYME TUNES, ) Civil Action No. 1:15-cv-4626
HUDMAR PUBLISHING CO., INC., and RISING )
STORM MUSIC, )
)
                  Plaintiffs, )
)
v. )
)
SHEF AT OAK INC., ANDREW GLOOR, and )
MATTHEW MENNA, )
)
)
                  Defendants. )

------------------------------------------------------------------

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5.     Defendant Shef At Oak, Inc. ("Shef"), is a corporation organized under the laws of Illinois, with a principal place of business at 2934 North Sheffield Avenue, Chicago, Illinois 60657.

6.     At all times hereinafter mentioned Shef did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Kirkwood Bar & Grill ("Kirkwood"), located at 2934 North Sheffield Avenue, Chicago, Illinois 60657.

7.     Musical compositions were and are publicly performed at Kirkwood.

8.     On information and belief, defendant Andrew Gloor ("Gloor") is an individual who resides and/or does business in Chicago, Illinois.

9.     On information and belief, Gloor is an officer, director, and/or principal of Shef.

10.    On information and belief, defendant Matthew Menna ("Menna" and, collectively with Shef and Gloor, the "Defendants") is an individual who resides and/or does business in Chicago, Illinois.

11.    On information and belief, Menna is an officer, director, and/or principal of Shef.

12.    At all times hereinafter mentioned, Gloor and Menna were, and still are, jointly responsible for the control, management, operation, and maintenance of the affairs of Shef.

13.    At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Kirkwood, including the right and ability to supervise and control the public performance of musical compositions at Kirkwood.

14.    Each Defendant derives a direct financial benefit from the public performance of musical compositions at Kirkwood.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

15.    The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the

public performance rights of its more than 500,000 songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17. ASCAP representatives have made more than 35 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Kirkwood. ASCAP has contacted Defendants or their agents or representatives by phone, by mail, by e-mail, and in person.

18. Defendants have refused all of ASCAP's license offers for Kirkwood.

19. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Kirkwood constitute infringement of ASCAP's members' copyrights.

20. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Kirkwood, including the copyrighted works involved in this action, without permission, during the hours that Kirkwood is open to the public for business and presenting musical entertainment.

21. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

23. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3,

and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Kirkwood, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25. The public performances at Kirkwood of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27. The many unauthorized performances at Kirkwood include the performances of the three copyrighted musical compositions upon which this action is based.

28. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

29. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated:    Chicago, Illinois        DLA PIPER LLP
          May 27, 2015

                                          /s/ Monica L. Thompson
                                    Monica L. Thompson, Esq. (#06181455)
                                    Michael Geller, Esq. (#6305999)
                                    203 North LaSalle Street, Suite 1900
                                    Chicago, IL 60601
                                    Tel:    (312) 368-4000
                                    Fax:   (312) 236-7516

                                    *Attorneys for Plaintiffs*

**Schedule A**

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | EMI APRIL MUSIC INC. | WE FOUND LOVE | Calvin Harris | September 22, 2011 | PA 1-789-462 | October 4, 2014 |
| 2. | AVANT GARDE MUSIC PUBLISHING, INC.<br><br>EMI APRIL MUISC INC.<br><br>FLYTE TYME TUNES | NO ONE'S GONNA LOVE YOU | Terry Lewis<br><br>James Harriss III | August 9, 1984 | PA 226-843 | September 12, 2014 |
| 3. | HUDMAR PUBLISHING CO., INC.<br><br>RISING STORM MUSIC | AFRICA | David F. Paich<br><br>Jeffrey Porcaro | March 24, 1982 | PA 134-925 | October 3, 2014 |